UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Nos. 3:10-CR-56-PLR-HBG |
| | ) |
| KATRINA CLEMONS, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

The Defendant, Katrina Clemons ("Clemons") was charged with one count of conspiracy to distribute 50 grams or more of cocaine base, also known as crack cocaine [Doc. 17]. Clemons entered a guilty plea [Doc. 137] and was sentenced to 132 months of imprisonment [Doc. 265].

Clemons now moves the Court [Docs. 321, 323] to re-sentence her on the following grounds:

1. Ms. Clemons' sentence was based on the controlled substance guidelines in effect prior to November 1, 2014.

2. Amendment 782 to the USSG became effective on November 1, 2014. The effect of the amendment was to lower retroactively the sentencing guidelines for drug offenses by two levels. Amendment 788 to the USSG became effective on November 1, 2014, and made Amendment 782 retroactive. Amendment 780 to the USSG became effective on November 1, 2014, and added a new § 1B1.10(c) which clarifies that if a court had the authority to impose a sentence below the statutorily required minimum sentence

pursuant to a government motion, the amended guideline range shall be determined without regard to the mandatory minimum. Clemons asserts that she has not received the benefit of these amendments.

3. For sentencing purposes, this Court found that Clemons was to be held accountable for 8.4 kilograms of cocaine base. Her guideline sentence was calculated according to the 2011 United States Sentencing Commission (USSC) Guidelines Manual, USSG § 2D1.1(c) which assigned her a base offense level of 38. After a 3-level reduction for acceptance of responsibility, Clemons received a total offense level of 35. With a criminal history category of II, she had an applicable guideline range of 188 to 235 months, which became a restricted guideline range of 240 months due to the mandatory minimum.

4. Clemons' 132 month sentence reflects a 45 percent departure from the bottom of the guideline range, which was restricted to 240 months by the mandatory minimum. Based on that sentence, the Bureau of Prisons currently projects her release date to be November 7, 2020.

5. Clemons asserts that she is eligible for a reduction of her sentence by retroactive application of USSG Amendment 782 to controlled substance offenses pursuant to 18 U.S.C. § 3582(c) and Policy Statement § 1B1.10. As amended, her new guideline range is 151

2

Case 3:10-cr-00056-TWP-HBG  Document 327  Filed 08/25/16  Page 2 of 4  PageID #: 1229

to 188 months, based on a new total offense level of 33 and a criminal history category of II.

6. The USSG also authorize "a reduction comparably less than the amended guideline range" to account for the Government's previously filed substantial assistance motion which would be a 45 percent reduction. USSG § 1B1.10(b)(2)(B).

7. Clemons requests that the Court impose an amended sentence of 83 months imprisonment, which is a 45 percent reduction from the low end of the amended guideline range.

Clemons reports that she has dedicated significant time and effort towards rehabilitation and self-improvement. She earned her GED and successfully completed a drug education class. Additionally, she has learned marketable skills by learning how to fix cars and working in her facility's service garage, along with participation in other self-improvement programs.

In its response, the United States states that: "it has no specific information to present in opposition to a reduction in defendant's sentence; to her credit, defendant has not incurred any disciplinary sanctions while incarcerated" [Doc. 324]. The United States agrees that Defendant is eligible for a sentence reduction, and therefore, the United States defers to the Court's discretion [Doc. 324].

The Court finds that the Defendant's Motion is well taken. Section 3582(c) authorizes the Court to re-calculate Defendant's sentencing range under USSG Amendment 782 and determine an appropriate sentence in accordance with the applicable 18 U.S.C. § 3553(a) factors. The Policy Statement §1B1.10 provides that courts have discretion in determining whether, and

3

to what extent, to reduce the sentence for any eligible person. The Court may also consider a Defendant's conduct while incarcerated. USSG § 1B1.10, comment. (n.1).

The Defendant's Motion [Docs. 321, 323] is **GRANTED**, and the defendant's sentence is **REDUCED** to **83 months' imprisonment**. If this sentence is less than the amount of time the Defendant has already served, the sentence shall be reduced to a "time served" sentence. U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(C).

Except as otherwise provided in this Order, all provisions of the Judgment dated May 1, 2012 [Doc. 265], shall remain in effect.

    **IT IS SO ORDERED.**

    ENTER:    August 25, 2016

_____
**UNITED STATES DISTRICT JUDGE**